806 So.2d 148 (2001)
Gwendolyn CAPLES
v.
USAA INSURANCE COMPANY, et al.
No. 2000 CA 2513.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Mary Grace Knapp, Mandeville, Albert Bensabat, III, Hammond, for Appellant Plaintiff Gwendolyn Caples.
Timothy Schafer, New Orleans, for Appellees Defendants Merrill O. Hines and USAA Insurance Co.
*149 Before: FOIL, PETTIGREW and KLINE,[*] JJ.
FOIL, Judge.
This appeal challenges the dismissal of a lawsuit for damages arising out of the fall of a large oak tree. We affirm.

BACKGROUND
On October 26, 1996, Gwendolyn Caples was driving a pick-up truck on West Thomas Street in Hammond, Louisiana, when a large tree fell onto her truck. Her truck was damaged in the fall, and Mrs. Caples sustained injuries. Mrs. Caples and her husband filed this lawsuit seeking damages against Dr. Merrill O. Hines, the owner of the tree and his homeowner's insurer, USAA Insurance Company.
At trial, it was undisputed that the subject tree was infected with a disease called armillaria mellae, more commonly referred to as root rot, and that this disease caused the tree to fall on the day in question. What was disputed, however, was whether a reasonable homeowner would know this particular tree was diseased.
Malcolm Guidry, plaintiff's expert arborist, was questioned regarding whether a homeowner should be aware a tree has armillaria. He explained that there is a definite relationship between the roots and branches of the tree: if the roots are destroyed, the upper part of the tree will downsize, thus resulting in falling branches. Mr. Guidry attested that because of the advanced nature of the disease in the subject tree, it had to have been losing branches. He opined that falling branches should have put a reasonable homeowner on notice that something is wrong with a tree. Mr. Guidry also stated that one sign of armillaria is fruiting bodies late in the fall (such as mushrooms), but admitted that no lay person could associate the presence of the fruiting bodies with the possibility of armillaria. He also observed that other signs of armillaria visible to the naked eye are naked branch endings (diebacks), which signal that the tree is under stress.
Evarist Dennis, defendant's expert arborist, gave a different opinion. He testified that pictures taken of the tree on the day of the accident depicted a healthy looking tree with dense, colorful leaves. He attested that it is extremely difficult to determine whether a tree has armillaria, even for an arborist, because it does not give any signs of the disease above the ground. Thus, a tree with the disease could appear to be a normal, healthy tree because the disease attacks the inside of the root and the structural root system, and is not visible to the naked eye. The only above ground sign, he stated, would be fruiting bodies in the months of October and November. Mr. Dennis stated that branch diebacks are not necessarily a sign of armillaria, and attested that the falling of branches from a water oak is not abnormal. In fact, he stated, branches could fall for reasons other than stress including normal branch shedding, shading of lower branches and drought. He further apprised that there is no way for a lay person to ascertain, from the dropping of twigs or branches to the ground, what was normal shedding or excessive shedding so as to indicate when a tree is in distress. Mr. Dennis added that in order to make a definitive diagnosis of armillaria, one must dig up the root system and bore into the roots, a practice that is not common because the procedure itself could introduce *150 the disease into the root system of an otherwise healthy tree.
Dr. Hines testified that he picked up branches from his property before cutting the grass about every four or five months. He could not ascertain, however, from which tree the branches were falling because there were several large oak trees on his property. Dr. Hines stated that he never saw any rotten roots protruding from the trees when he mowed the lawn. Mrs. Belva Hines stated that before the tree fell, the tree appeared to be healthy, adding that she never observed any dead branches in the tree or fungus.
Following the conclusion of the trial, judgment was entered in favor of defendants. In written reasons for judgment, the trial judge observed that recognition of the disease of armillaria requires special expertise held by those who are specialists in the area of trees, i.e. professional arborists. The judge refused to create a duty on a homeowner to become a professional arborist in order to diagnose his apparently healthy but ailing water oak of nonapparent conditions. He also stated that a homeowner is not under an obligation to determine whether the falling of limbs from his tree is in excess of normal shedding, nor must he call an arborist to inspect the tree.
This appeal, taken by Mrs. Caples, followed.

DISCUSSION
Under La. Civ.Code art. 2317.1, in order to establish liability for damage caused by a defective thing, the plaintiff must demonstrate that the owner of the thing knew, or should have known, in the exercise of reasonable care of the defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that the owner failed to exercise such reasonable care. The experts offered conflicting opinions on the knowledge issue. The judge simply refused to find that the shedding of branches and twigs put the homeowner on notice in this case that an otherwise healthy looking tree had a non-apparent disease. In so doing, the judge accepted the opinion of the defendants' expert over the plaintiffs' expert. Where there are two permissible views of the evidence, the choice among them cannot be manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). Because the record reasonably supports the ruling of the trial court, this court is bound to affirm that decision. Id. at 882.
Accordingly, finding no error in the judge's ruling based on the record, we affirm the judgment. All costs of this appeal are assessed to appellants.
AFFIRMED.
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment by the Louisiana Supreme Court.